Opinion issued April 29, 2004







            











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00696-CR
____________
 
FREDERICK RYANS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 278th District Court
Walker County, Texas
Trial Court Cause No. 21,542-C
 



MEMORANDUM OPINION

          A jury found appellant, Frederick Ryans, guilty of knowingly delivering, by
actual transfer, one gram or more, but less than four grams, of a controlled substance,



namely cocaine. After making an affirmative finding that the offense was committed
in a “drug free zone,”


 the jury assessed appellant’s punishment at confinement for
19 years and a fine of $15,000. In his sole issue, appellant contends that the evidence
was legally insufficient to support his conviction of delivery of a controlled substance
by actual transfer.
          We affirm.
Factual Background
          Texas Department of Public Safety Sergeant J. Tealer testified that, while
assigned to the Central East Texas Narcotics Task Force, he initiated an undercover
purchase of crack cocaine from appellant. On April 18, 2002, Tealer, accompanied
by a confidential informant, went to appellant’s apartment complex. When he saw
appellant in the parking lot of the complex, the informant approached appellant and
entered into a brief conversation with him. Shortly thereafter, the informant waved
Tealer over and introduced Tealer to appellant.
          Tealer told appellant that Tealer “wanted two hundred dollars worth,” meaning
that he wanted to buy $200 worth of crack cocaine. In response, appellant told Tealer
and the informant to wait where they were. Appellant then turned away and walked
toward the apartment complex. Tealer lost sight of appellant as he walked around a
corner. After approximately five minutes, appellant reappeared and signaled Tealer
and the informant to meet him where he was then standing, which was near a stairway
located within the apartment complex. Tealer and the informant walked over to
appellant, who was waiting under the stairway.
          Appellant then “pointed down to a paper towel” located on top of an air
conditioning vent. When he looked at the paper towel and its exposed contents,
Tealer, based on his past undercover experience, recognized the contents as crack
cocaine. Tealer picked up the paper towel and counted 10 “rocks” of crack cocaine
inside of it. Tealer then handed appellant $200 in cash in exchange for the cocaine. 
Tealer testified that appellant “did not actually place the crack cocaine within my
hand.”
          After Tealer and the informant left with the cocaine, Tealer turned it over to a
federal Drug Enforcement Agency (DEA) agent. A DEA forensic chemist testified
that the paper towel contained 3.3 grams of cocaine.
Legal Sufficiency
          In his sole point of error, appellant argues that the evidence was legally
insufficient to support his conviction for delivery of a controlled substance “by actual
transfer” because “he did not transfer the crack cocaine to Sgt. Tealer hand to hand.”          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). A person commits the second degree
felony offense of delivery of a controlled substance if he knowingly delivers one
gram or more, but less than four grams, of cocaine. Tex. Health & Safety Code
Ann. § 481.112(a), (c) (Vernon 2003).
          Appellant notes that he was not observed “handling” the cocaine and that he
did not transfer the cocaine to Sergeant Tealer “hand to hand.” Appellant argues,
thus, that “[a]t most . . . the evidence from the case at bar supports a finding that
appellant made a constructive transfer.”
          In Sims v. State, the Texas Court of Criminal Appeals held that an actual and
a constructive transfer of narcotics can occur in the same transaction. 117 S.W.3d
267, 268 (Tex. Crim. App. 2003). In Sims, after an undercover officer met the
defendant to buy crack cocaine, the defendant “pointed to a foil-wrapped package
lying in the road near a tree.” Id. The officer retrieved the package and paid the
defendant for the cocaine contained inside. Id. The court noted that
one method of constructive transfer is for the transferor to instruct the
recipient on the location of the contraband. If the contraband is already
in place, the constructive transfer is complete at the time the transferor
gives the instruction. When the recipient retrieves the contraband, there
is then a completed actual transfer.

Id. at 277-78.
          Here, as in Sims, Tealer retrieved the crack cocaine after appellant had
instructed him as to its location by pointing to it. Viewing this evidence in the light
most favorable to the verdict, we hold that the evidence was legally sufficient to
support appellant’s conviction for actual delivery of the cocaine. 
          Accordingly, we overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                                  Terry Jennings
                                                                                  Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).